UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
CSMC 2007-C1 DOLSON AVE., INC.          :
                                        :      **OPINION**
                      Plaintiff,        :
                                        :      11 Civ. 9050
          – against –                   :
                                        :
PLAYTOGS,                               :
                                        :
                      Defendants.       :
                                        :
------------------------------------------------x

Plaintiff CSMC 2007-C1 Dolson Avenue, LLC ("CSMC") brings this mortgage foreclosure action against Playtogs Center Acquisition, L.P. ("Playtogs") and Daniel Massry.[1] Playtogs and Massry filed a joint answer on January 24, 2012, which contained an assertion of eleven affirmative defenses, including an alleged lack of subject matter jurisdiction, though no factual allegations were made in support of these stated defenses. CSMC filed an unopposed motion for summary judgment on July 20, 2012. The causes of action involved in this case are foreclosure of the mortgaged premises, and judgment that Playtogs and Massry are liable for any deficiency after the mortgaged premises are sold and the balance paid to CSMC.

---

[1] The complaint originally also included as defendants New York State Department of Taxation and Finance and various John Does, but CSMC has since dismissed its causes of action against these defendants.

1

The motion for summary judgment is denied at this time; the court directs CSMC to show cause why the case should not be dismissed for lack of subject matter jurisdiction.

## Complaint

Parties

According to the complaint, CSMC is a Delaware limited liability company "organized under the laws of the United States" with a mailing address in Miami Beach, Florida.

Playtogs is a limited partnership organized under the laws of Pennsylvania, with a registered agent for service of process in New York, NY.

Daniel Massry is an individual with a mailing address at Eatontown, New Jersey.

The Loan

On May 4, 2006, Playtogs borrowed $12.5 million from GMAC Commercial Mortgage Bank ("GMAC") pursuant to a loan agreement and consolidated promissory note. As security for this note, on May 5, 2006, Playtogs executed and delivered a Mortgage, Consolidation, Assignment of Rents and Leases Security Agreement and Fixture Filing to GMAC. The mortgaged premises granted GMAC a mortgage lien on a commercial retail building at 130-138, 144-146, 156 Dolson Avenue, Middletown, New York 10940, SBL: 48-1-8, 9; 69-1-57.1, 59.1 ("Mortgaged Premises"). This mortgage was recorded on June 27, 2006.

On May 4, 2006, Daniel Messry executed and delivered a guaranty to GMAC, agreeing to serve as guarantor on Playtogs' $12.5 million promissory note with GMAC, its successors, and its assignors.

On October 3, 2007, Capmark, formerly known as GMAC, assigned the above mentioned loan documents to Wells Fargo Bank, N.A., as trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C1 ("the Trust"). This assignment was recorded with the Clerk's Office on February 6, 2008. On April 26, 2011, the Trust assigned the loan documents to CSMC. The mortgage assignment was recorded with the Clerk's Office on May 17, 2011.

According to an affidavit from the servicer of Playtog's loan, Playtog failed to make required payments, triggering default of the note and mortgage. Due to this default and pursuant to the terms of the loan agreement, CSMC previously elected to accelerate the principal due.

CSMC alleges two causes of action: default on the mortgage debt allowing CSMC to proceed with foreclosure; and judgment for any deficiencies that may be due after the mortgage premises are sold and the proceeds applied to what CSMC is owed.

CSMC is suing the borrower, Playtogs, and guarantor, Messry, for the accelerated principal; attorneys' fees and other expenses in prosecuting the action; real property taxes or insurance premiums CSMC has paid to protect or

3

benefit the mortgaged premises (and interest associated with these expenditures); and any deficiency incurred upon selling the mortgage premises.

## Subject Matter Jurisdiction

CSMC invokes this court's jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332, which requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that complete diversity in citizenship exist between plaintiff(s) and defendant(s). "The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998).

Given that CSMC is bringing suit on a defaulted note of $12.5 million, the amount in controversy requirement has been established. However, CSMC does not allege a proper basis for this court to determine whether CSMC is citizen of a different state from Playtogs and Messry.

For purposes of diversity jurisdiction, a limited liability company and a limited partnership have the citizenship of each of its members. Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). CSMC's complaint and affidavits indicate that CSMC, a limited liability company, is incorporated in the state of Delaware, with a mailing address in Florida. However there is no information regarding the citizenship of its members, and thus this court cannot determine of which state(s) CSMC is a citizen.

4

The citizenship of Playtogs also cannot be established on the present record. The complaint states that Playtogs, a limited partnership, is organized under the laws of Pennsylvania, with a registered agent for service of process in New York. Again, this fails to properly allege the citizenship of Playtogs as it does not provide information on the citizenship of its members. Exhibit C contains an organization chart for Playtogs Center Acquisition L.P., but there are numerous people or entities listed, such as Ezra Hamway, Jack Dusley, and Dan Village Corporation, without any information regarding their citizenship.[2]

Given that CSMC has not alleged or provided sufficient information for this court to determine either its citizenship or the citizenship of Playtogs, CSMC has failed to satisfy its burden of demonstrating the basis of diversity jurisdiction.

CSMC's motion for summary judgment is therefore denied at this time and the court directs that CSMC show cause why this court should not dismiss the case for lack of subject matter jurisdiction.

Dated: New York, New York
February 26, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/27/13

Thomas P. Griesa
U. S. District Judge

---

[2] Even those that are noted as being "N.Y. Corporation," there is insufficient evidence to support whether the company would have a New York citizenship for diversity purposes.